BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JAN 12 1977
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE TENNECO INC. SECURITIES LITIGATION ) DOCKET NO. 253

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

This litigation was generated by the filing of an amendment to Tenneco Inc.'s current report with the Securities and Exchange Commission (SEC). The amendment, filed pursuant to an SEC voluntary disclosure program, details certain matters related to payments made or accrued by Tenneco during the period from January 1, 1970 through September 30, 1975 to various domestic and foreign attorneys, advisors, consultants and agents.

The six actions before the Panel are pending in three federal districts: four in the Southern District of Texas;[1/]

---

\*   Although Judge Wisdom was not present at the Panel hearing, he has, with the consent of all parties, participated in this decision.

1/   One of these actions (Tuohy) originally was filed in the District of the District of Columbia. An order was entered sua sponte by Judge George L. Hart, Jr. transferring Tuohy to the Southern District of Texas pursuant to 28 U.S.C. §1404(a).

one in the District of Delaware; and one in the Southern District of New York. Each of these actions apparently was brought derivatively on behalf of Tenneco.[2] In addition, three of the four Southern District of Texas actions were commenced as class actions on behalf of all other similarly situated shareholders of Tenneco. Defendants include Tenneco, several of its subsidiaries, and various present or former directors, officers and employees of Tenneco or its subsidiaries. Arthur Andersen & Co. is named as a defendant only in the Southern District of New York action.

All the actions before the Panel are based on virtually identical factual allegations. Basically, all plaintiffs allege that: (1) between 1970 and the present, more than $12,000,000 of wrongful disbursements were made from Tenneco's corporate funds by Tenneco or through its subsidiaries for unlawful political contributions, bribes or related payments; (2) false and misleading entries were made in the books and records of Tenneco to conceal these disbursements; (3) Tenneco

---

[2] Two of the Southern District of Texas actions were brought derivatively on behalf of "Tenneco Corp." The other four actions were brought derivatively on behalf of "Tenneco Inc." Movants suggest that all plaintiffs intended to sue on behalf of Tenneco Inc. rather than Tenneco Corp., which is a wholly-owned subsidiary of Tenneco Inc. No responding party refutes this suggestion.

failed to disclose the disbursements in regular reports filed with the SEC; (4) Tenneco's proxy statements were false and misleading; and (5) as a result of the false and misleading proxy statements, the shareholders of Tenneco acted on incomplete and misleading information when they elected some of the defendants to the Board of Directors. The complaints allege that defendants' conduct was in violation of the federal securities laws, various state statutes and common law duties owed to Tenneco by the defendants. Every plaintiff seeks damages, and some seek an accounting, a declaration that certain corporate elections be declared null and void, and/or injunctive relief.

All defendants have moved the Panel for an order transferring all actions to the Southern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. All responding parties agree or express no position on the desirability of transfer. The only real dispute is over the selection of an appropriate transferee district. The plaintiff in Tuohy favors the District of the District of Columbia. Plaintiffs in the other Southern District of Texas actions, however, support the Southern District of Texas. Plaintiff in the Delaware action originally favored transfer to the District of

Delaware, but subsequently withdrew its opposition to transfer of this litigation to the Southern District of Texas. The plaintiff in the Southern District of New York action has not responded to the motion for transfer.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the Southern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Plaintiff in Tuohy argues that these actions should be transferred to the District of the District of Columbia because interchange and coordination with numerous federal agencies and the Department of State, which plaintiff contends will be vital to the conduct of this litigation at every stage, can best be accomplished in the District of Columbia. In addition, this plaintiff asserts that the civil action docket in the District of the District of Columbia is significantly more current than the one in the Southern District of Texas and, therefore, transfer to the District of the District of Columbia would permit the parties to conduct pretrial proceedings more quickly and efficiently. Finally, this plaintiff maintains that the District of Columbia federal court is best qualified

to supervise these actions because it already has processed many SEC actions involving allegations similar to those raised in this litigation, and has more expertise in handling actions with significant national and international ramifications than any other district court.

We are not persuaded by these arguments. The plaintiff in Tuohy has failed to convince us that agencies or departments of the federal government will be significantly involved in this litigation. Moreover, there has been no showing that any cooperation with government officials which may be necessary can be accomplished better if these actions were transferred to the District of the District of Columbia than if they were transferred anywhere else. The argument that the District of the District of Columbia because of its general experience is somehow better qualified than any other district to supervise pretrial in this litigation is wholly without merit. And while a comparison of the civil action dockets in the districts under consideration as possible Section 1407 transferee districts is a relevant factor for the Panel to take into account, this factor is outweighed by other considerations in the circumstances of this particular litigation that make the Southern District of Texas the most appropriate transferee forum. Four of the six actions are already pending there. See In re Celotex Corp. "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 505 (J.P.M.L.

1975). In addition, Tenneco's headquarters are in Houston, Texas, and, as a result, most of the relevant documents and witnesses are located in the Southern District of Texas. See In re U.S. Financial Securities Litigation, 375 F. Supp. 1403, 1404 (J.P.M.L. 1974). The Southern District of Texas, furthermore, is the preference of all responding parties in this litigation except the plaintiff in Tuohy. See In re Westinghouse Electric Corp. Uranium Contracts Litigation, 405 F. Supp. 316, 319 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in the District of Delaware and the Southern District of New York be, and the same hereby are, transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable John V. Singleton, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions already pending there and listed on Schedule A.

MDL-253 -- IN RE TENNECO, INC. SECURITIES LITIGATION

## SCHEDULE A

### SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

| | |
|---|---|
| Lowell G. Raun, etc. v. Wilton E. Scott, et al. | Civil Action No. 76-H-363 |
| Thomas J. Anderson, etc. v. N. W. Freeman, et al. | Civil Action No. 76-H-358 |
| Mildred Milberg, etc. v. N. W. Freeman, et al. | Civil Action No. 76-H-354 |
| Alice Tweed Tuohy Foundation, etc. v. Herbert Allen, et al. | Civil Action No. 76-H-717 |

### DISTRICT OF DELAWARE

| | |
|---|---|
| Ralph Limmer, et al. v. N.W. Freeman, et al. | Civil Action No. 76-82 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harry Lewis v. N. W. Freeman, et al. | Civil Action No. 76 Civ.801 |